Battle, J.
 

 We
 
 are unable to distinguish this ease from those of
 
 Gowing
 
 v.
 
 Rich,
 
 1 Ire. Rep. 553, and
 
 Gentry
 
 v.
 
 Har
 
 per, 2 Jones’ Eq. 177; and we think, therefore, that the judgment of nonsuit was right. It is not pretended that the conveyance to A. L. Erwin, as trustee, was not
 
 bona fide
 
 and fair. Admitting that conveyance to be good, the legal title of the land in question was transferred from John Duncan, the grantor in trust, to the trustee, and then the purchase from him by the defendant, James II. Duncan,, supposing it to have been with the money of his father, created exactly such a trust as those of
 
 Gowing
 
 v.
 
 Rich,
 
 and
 
 Gentry
 
 v.
 
 Harper,
 
 in which it was held that the remedy of creditors was not by a sale of the debtor’s interest at law, but by a bill to subject it in Equity.
 

 Dobson
 
 v. Erwin, 1 Dev. and Bat. Rep. 569, and
 
 Morris
 
 v.
 
 Allen,
 
 10 Ire. Rep. 203, cited for the plaintiff, were eases where sales by sheriffs were successfully impeached for the fraudulent contrivances of the debtors and ostensible purchasers, in consequence of which, it was held' that the- legal- title of the lands still remained in the debtors, and of course- subject, at law, to be sold under execution, at the instance of creditors.
 

 Per Curiam.
 

 The judgment is affirmed.